FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 1 6 2011

JAMES N. HATTEN, Clerk
By: ⸻ , Clerk
                              Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA -- ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM M. WINDSOR,<br>Plaintiff | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-02326-TWT |
| Christopher Huber, et. al,<br>Defendants | ) ) ) ) | |

## RESPONSE TO DEFENDANT PAUL HOWARD, JR.'S
## MOTION TO DISMISS

William M. Windsor ("Windsor" or "Plaintiff") hereby files this Response. Defendant's Motion to Dismiss ("MTD") advances arguments that do not meet the legal standard required to succeed on a motion to dismiss.  For the following reasons, the MTD should be denied.

### MOTION FOR EXTENSION OF TIME TO RESPOND

1.     A motion to dismiss must be based solely on matters contained in the pleading at issue.  If matters outside the pleading are presented, it must be considered to be a motion for summary judgment.  "…any oral or written evidence not already "in the record" — public or court, physically or by reference — is regarded as "extrinsic" and will spur a conversion." (See ***Bryant v. Avado Brands, Inc.***, 187 F.3d 1271, 1278 (11th Cir. 1999).)

1

2.     Defendants have presented information outside of the pleadings, and this Court has already issued many orders as to extrinsic information. This Court must issue an order officially converting the Motion to Dismiss to a Motion for Summary Judgment. This Court has failed to provide Windsor with the mandatory express 10-day notice of the summary judgment rules.

> Fed. R. Civ. P. 12(b); ***Concordia v. Bendekovic***, 693 F.2d 1073, 1075 (11th Cir. 1982); ***Jones v. Auto. Ins. Co.***, 917 F.2d 1528, 1532 (11th Cir. 1990); ***Trustmark Ins. Co. v. ESLU, Inc.*** 299 F.3d 1265, 1267 (11th Cir. 2002); ***Chong v. Healthtronics, Inc.***, No. 08-10160 (11th Cir. 07/17/2008); ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986).)

3.     Windsor must be given an extension of time to conduct discovery on the MTD (aka "MOTION FOR SUMMARY JUDGMENT").

> "... motions to dismiss under Fed.R.Civ.P. 12 "should be granted sparingly," and only "where adequate time is given to complete discovery and all the jurisdictional facts are fully developed and placed before the Court." ***Martin v. Morgan Drive Away, Inc., 665 F.2d 598, 602 n. 1 (5th Cir. Unit A 1982) (quoting Chatham Condominium Associations v. Century Village, Inc.***, 597 F.2d 1002, 1012-13 (5th Cir. 1979).)[1]

## **WINDSOR MOVES THE COURT TO ALLOW HIM TO AMEND THE VERIFIED COMPLAINT IF THE COURT FEELS ANY ASPECT OF THE PLEADING IS INADEQUATE**

---

[1] In ***Bonner v. City of Prichard***, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the 11th Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4.      Because Windsor is pro se and has had no legal assistance whatsoever, Windsor moves this Court to allow him to amend the VERIFIED COMPLAINT ("VC") should the Court feel that there is any merit whatsoever to the MTD.  Windsor will amend under protest, and the amendment will be for protection only and will not constitute acceptance that this Court has jurisdiction.

5.      Windsor can certainly add more detail.  There are additional developments since this Civil Action that are new predicate acts committed by Mr. Howard's employees, and Windsor seeks to amend to incorporate these.

> "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed ." *Tannenbaun v. United States*, 148 F .3d 1262, 1 263 (11th Cir. 1998) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 92 S .Ct. 594, 30 L . Ed.2d 652 (1972).  The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief .' *Conley v. Gibson*, 335 U.S . 41, 45-46, 78 S. Ct . 99, 2L. Ed.2d 80 (1957). (*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).) (See also the ruling of TWT in *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376 (N.D.Ga. 12/17/2007).) (See also Novoneuron Inc. v. Addiction Research Institute, Inc., 326 Fed.Appx. 505 (11th Cir. 04/28/2009); Bell v. Florida Highway Patrol, 325 Fed.Appx. 758 (11th Cir. 04/15/2009).)
>
> "… **a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies**." (*Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Benjamin O. Mays v. Wyandotte County Sheriff's Department*, No. 10-3194 (10th Cir. 03/15/2011); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam); *Joan Buchanan v. Michael J. Astrue, Commissioner of*, No. 3:11-cv-193-J-34JBT (M.D.Fla. 06/08/2011).) [**emphasis added**.]

3

## MOTION FOR DISCOVERY

6.      For the reasons expressed above, Windsor moves the Court to grant

discovery.  Windsor must be able to take depositions and obtain discovery to

effectively respond at summary judgment.  Windsor moves the Court to grant

discovery and order the Clerk of the Court to issue subpoenas to Windsor.

## THIS COURT HAS NO JURISDICTION OVER THIS MATTER.

7.      Judge Thomas Woodrow Thrash ("TWT") has never had any

jurisdiction over this Civil Action.  This Civil Action was illegally removed from

Fulton County Superior Court.  This was initially presented in Windsor's Motion

to Vacate Removal ("MTVR").  This Motion was filed on July 20, 2011, but it

does not appear on the Docket (Exhibit 1 to Request to file Response to Motion to

Dismiss filed August 12, 2011 ("August 12 Filing").  A true and correct copy of

the MTVR is Exhibit 2 to the August 12 Filing, referenced and incorporated

herein.  Exhibit 3 to the August 12 Filing is a true and correct copy of the cover

letter delivered with the MTVR.  Exhibit 4 to the August 12 Filing is a true and

correct copy of the Courier Connection confirmation of delivery and signed receipt

for the cover letter and the MTVR.

4

8.     It is clear and well established law that a judge <u>must</u> first determine whether the judge has jurisdiction before hearing and ruling in any case.  TWT failed to do so, and his so-called orders are void.  The Docket proves this.

> (*Adams v. State*, No. 1:07-cv-2924-WSD-CCH (N.D.Ga. 03/05/2008).)
> (*See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); see also *University of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). (*Jean Dean v. Wells Fargo Home Mortgage*, No. 2:10-cv-564-FtM-29SPC (M.D.Fla.).)

9.     On August 8, 2011 (approximately 23 days after removal), Windsor filed his MFR with the Clerk of the Court.  The Clerk did not docket it.  Exhibit 5 to the August 12 Filing is a true and correct copy of the cover letter delivered with the MFR.  Exhibit 6 tp the August 12 Filing is a true and correct copy of the confirmation of delivery and signed receipt for the cover letter and the MFR.  Exhibit 7 to the August 12 Filing is a true and correct copy of the MFR.

10.     Filing a motion for remand is a statutory right that TWT has no authority to deny.  So, (1) failure to determine if the Court had jurisdiction, (2) ignoring the MTVR, and (3) refusing to allow the MFR to be filed mean this Court has no jurisdiction.

> (See *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir.1986); *Victory Carriers*, 404 U.S. at 212, 92 S.Ct. at 425 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir.1975).)  (See also *Fitzgerald v.*

5

*Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir.1985) (per curiam); *Wernick*, 524 F.2d at 545; *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884); *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir.1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951).)

"…[**i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded**" to the state court from whence it came. 28 U.S.C. § 1447(c). **This provision is mandatory** and may not be disregarded based on speculation about the proceeding's futility in state court. See *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87-89, 111 S.Ct. 1700, 1709-10, 114 L.Ed.2d 134 (1991). [**emphasis added**.]

## THIS COURT MUST ORDER THIS CIVIL ACTION TO BE REMANDED.

11.     This Court must order this Civil Action to be remanded before

considering the MTD.  The right to remand has not and cannot be waived.

Windsor has consistently stated that this Court has no jurisdiction.

"…a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court." See, e.g., *Marathon Oil*, 145 F.3d at 220 (holding that **district court should have considered motion to remand for lack of subject matter jurisdiction before it addressed motion to dismiss**…."; *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir.1998); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (per curiam); Smith, 23 F.3d at 1139 (holding that **district court had no authority to dismiss removed claim without subject matter jurisdiction**); *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir.1959) (holding that **motion to remand for lack of subject matter jurisdiction necessarily precedes motion to dismiss**); *Nichols v. Southeast Health Plan of Ala., Inc.*, 859 F.Supp. 553, 559 (S.D.Ala.1993) (same). [**emphasis added**.]

The right to remand cannot be waived. See *In re Carter*, 618 F.2d 1093 (5th Cir. 1980), cert. denied 101 S. Ct. 1410, 450 U.S. 949, 67 L. Ed. 2d 378 (1981). See *Winters v. Government Sec. Corp. v. Nafi Employees Credit Union*, 449 F. Supp. 239, 242 (S.D.Fla. 1978).

12.     Defendants failed to establish that this Court has jurisdiction.

"A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." (*Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citation omitted); *Benjamin v. Western Boat Building Corp.*, 472 F.2d 723 (5th Cir. 1973).)

"...federal courts are directed to construe removal statutes strictly." See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir.1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983); see also *Bromwell*, 115 F.3d at 214 (noting that **justiciability is a matter for the state court to decide where case should have been remanded to state court for lack of subject matter jurisdiction rather than dismissed**); *Smith*, 23 F.3d at 1139; *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405 (11th Cir. 02/22/1999).)

"**There is no federal question to validate removal under 28 U.S.C. § 1441(b) since all claims are related to Florida law.**" (*Winters Govt. Secs. Corp. V. Nafi Emples. Credit U*, 449 F. Supp. 239 (S.D.Fla 03/24/1978).) [**emphasis added**.]

13.     TWT's orders were, and are, **void**. The U.S. Supreme Court has stated that if a court is "without authority, its judgments and orders are regarded as nullities. (*Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).)  Therefore, Windsor's MTVR must be granted as Defendants failed to respond.  Windsor's MFR must be accepted as filed, as must everything that Windsor filed.  The

Protective Order issued (Docket #8) is void, so Defendants have failed to answer.

TWT has not followed mandatory statutory procedures.  TWT did not have subject

matter jurisdiction.

14.     There are no valid orders in this matter.  The orders issued by TWT

are invalid.  Orders have not been signed, issued under seal, or signed by the Clerk

of the Court in violation of 28 U.S.C. § 1691.

> The word "process" at 28 U.S.C. 1691 means a court order.  See ***Middleton
> Paper Co. v. Rock River Paper Co.***, 19 F. 252 (C.C. W.D. Wisconsin
> 1884); ***Taylor v. U.S.***, 45 F. 531 (C.C. E.D. Tennessee 1891); ***U.S. v.
> Murphy***, 82 F. 893 (**DCUS** Delaware 1897); ***Leas & McVitty v. Merriman***,
> 132 F. 510 (C.C. W.D. Virginia 1904); ***U.S. v. Sharrock***, 276 F. 30 (**DCUS**
> Montana 1921); ***In re Simon***, 297 F. 942, 34 ALR 1404 (2nd Cir. 1924);
> ***Scanbe Mfg. Co. v. Tryon***, 400 F.2d 598 (9th Cir. 1968);  and ***Miles v.
> Gussin***, 104 B.R. 553 (Bankruptcy D.C. 1989).

## THE NOTICE OF REMOVAL WAS FILED FOR IMPROPER PURPOSES, SO THIS MOTION FOR REMAND MUST BE GRANTED.

15.     The NOR was filed so Defendants could evade exposure as

racketeers.  By filing the NOR, Defendants have been able to utilize the

racketeering enterprise to shield themselves from an honest judge and jury in the

Fulton County Superior Court.

16.     The judge to whom this matter was assigned, Defendant TWT, has

violated Windsor's Constitutional rights in a host of ways.  Details of TWT's

wrongdoing is provided in Windsor's Motions to Recuse TWT filed in 1:11-CV-

01922-TWT ("01922"), 1:11-CV-01923-TWT ("01923"), and 1:11-CV-02027-TWT ("2011-02027"), incorporated herein as if attached hereto. (01922 Docket #31.) (01923 Docket #43.) (2011-02027 Docket #4.) Windsor filed a MOTION TO DISQUALIFY TWT in this Civil Action, but the Defendant Clerk of the Court, James N. Hatten, has failed to docket it. (Exhibit 8 to the August 12 Filing is a true and correct copy of the MOTION TO DISQUALIFY that was filed on July 21, 2011.) (Exhibit 9 to the August 12 Filing is a true and correct copy of the cover letter that was sent when the MOTION was filed on July 21, 2011.) (Exhibit 10 to the August 12 Filing is a true and correct copy of the Courier Connection delivery confirmation signed by Miss Anniva Sanders when the MOTION TO RECUSE was filed at 8:05 am.)

## THE NOTICE OF REMOVAL WAS PROCEDURALLY DEFECTIVE, SO REMAND MUST BE GRANTED.

17.     The NOR has multiple procedural defects that make it void on its face. Technical, procedural requirements were not met. Each of these defects is explained with citations to case law, including decisions by current 11th Circuit judges and Defendants. See MFR, pp.4-11, incorporated herein.)

18.     The removal fails to comply with the requirement that defendants must make an appearance. The action was not yet pending in Fulton County

Superior Court as 28 U.S.C. § 1442 requires.  The Defendants did not sign or authorize the notice of removal.  The removal is defective for failure to comply with the rule of unanimity.  The notice of removal fails to comply with the requirement of a plain statement of the grounds for removal.  The notice of removal failed to comply with the mandatory procedure to include with the notice of removal the summons issued by the court on all defendants and other documents served on defendants contained in the state court record.  The principle of comity and the long-standing public policy against federal court interference with state court proceedings should prevail.  See MFR, pp. 10-11.  The Defendants have failed to prove the existence of federal jurisdiction.  See MFR, pp. 11-13.

19.    The removal is defective pursuant to 28 U.S.C, § 1442 (a)(1) because federal officers have not raised a federal defense.  The NOR failed to assert grounds for subject matter jurisdiction and failed to raise a defense, so the MTD must be denied.  See MFR, pp.13-24.

20.    There are no grounds even asserted for subject matter jurisdiction. This was an obligation that the NOR failed to address, so the MFR must be granted and the MTD must be denied.

> (See **Rankin v. I.R.S**., No. 5:01-CV-79-OC10GRJ, 2001 WL 34107044, at
> *1 (M.D. Fla. May 16, 2001); **Morse v. United States**, No. 2:07-cv-249-
> FtM-34DNF (M.D.Fla. 12/04/2007).)

10

21.     Federal officers must raise a federal defense before removing to federal court, and the NOR failed to do so. 11th Circuit Judges and Defendants Edmondson, Tjoflat, Anderson, Black, Ed Carnes, Barkett, Marcus, and Wilson have all so ordered:

> (*Bellsouth Telecommunications, Inc. v. MCImetro Access Transmission*, 317 F.3d 1269, 317 F.3d 1270 (11th Cir. 01/10/2003).)

> **An unbroken line of Supreme Court decisions extending back nearly a century and a quarter have understood all the various incarnations of the federal officer removal statute to require the averment of a federal defense**. (*Mesa et al. v. California*, 109 S. Ct. 959, 489 U.S. 121 (U.S. 02/21/1989).) [**emphasis added**.]

22.     **THIS COURT IS REQUIRED TO RESOLVE ALL DOUBTS ABOUT FEDERAL JURISDICTION IN FAVOR OF REMAND, SO THE MTD MUST BE DENIED.**

> (See *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983); *Standridge v. Wal-Mart Stores*, 945 F. Supp. 252 (N.D.Ga. 09/18/1996).)

23.     Defendant TWT has so ruled: (*Saye v. Unumprovident Corp.*, No. 1:07-CV-31-TWT (N.D.Ga. 08/09/2007).)

24.     **THE REMOVAL IS DEFECTIVE PURSUANT TO 28 U.S.C § 1442 (a)(1) BECAUSE FEDERAL OFFICERS HAVE NOT RAISED A FEDERAL DEFENSE, SO MTD MUST BE DENIED.** See MFR, pp.18-22.

25.    28 U.S.C. § 1442(a)(1) does not apply because the VC is not about suing "in an official or individual capacity for any act under color of such office or… under any Act of Congress…." (See *Mesa v. California*, 489 U.S. 121, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989).)

## THIS CIVIL ACTION IS ON APPEAL,
## AND THE MOTION TO DISMISS MAY NOT BE CONSIDERED.

26.    Windsor objects to consideration of this MTD as this Civil Action is on appeal.  The Georgia Court of Appeals has jurisdiction.

27.    Windsor has also filed a Notice of Appeal with the Eleventh Circuit Court of Appeals.  The Eleventh Circuit has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because one of the district court's rulings (1) imposed an injunction; or (2) had the practical effect of an injunction.  The PROTECTIVE ORDER denies rights to Windsor and implicitly enjoins Windsor from future exercise of rights. Injunctions are appealable pursuant to 28 U.S.C. §1292(a).  A court order prohibiting someone from doing some specified act is an injunction.  The PROTECTIVE ORDER prohibits Windsor from filing anything.

> See *Black's Law Dictionary* 784 (6th ed. 1990) (defining "injunction" as "[a] court order prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury"). (*Nken v. Holder*, 129 S.Ct. 1749, 173 L.Ed.2d 550 (U.S. 04/22/2009).) (See also *KPMG, LLP v. SEC*, 289 F.3d 109, 124 (D.C. Cir. 2002); *Lundberg v. United States*, No. 09-01466 (D.D.C. 07/01/2010).)

28. TWT entered "a court order prohibiting someone from doing some specified act," and that is an injunction (or a restraining order). It is immaterial that TWT did not call the prohibitions an injunction or restraining order.

"...we have jurisdiction under 28 U.S.C. § 1292(a)(1) (1982), which permits an immediate appeal from the issuance of a new or modified injunction. It is immaterial that the court characterized the March order as a finding of contempt. *Szabo v. U.S. Marine Corp.*, 819 F.2d 714, 718 (7th Cir. 1987); see also *I.A.M. Nat'l Pension Fund Benefit Plan A v. Cooper Indus.*, 252 U.S. App. D.C. 189, 789 F.2d 21, 23-24 (D.C. Cir.), cert. denied, 479 U.S. 971, 107 S. Ct. 473, 93 L. Ed. 2d 417 (1986). (*International Association v. Eastern Airlines, Inc.*, No. 88-7079, UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT, 06/07/88.)

...preliminary injunctions are appealable orders under 28 U.S.C. § 1292(a)(1). See, e.g., *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 482 (1999).

Under 28 U.S.C. § 1292(a)(1), the court has jurisdiction to review "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions...." 28 U.S.C. § 1292(a)(1). Although the provision is typically invoked to appeal preliminary injunctions, it can be invoked to appeal permanent injunctions that are interlocutory in nature. *Smith v. Vulcan Iron Works*, 165 U.S. 518 (1897); see also *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002), cert. denied, 123 S. Ct. 892 (2003); *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry*, 867 F.2d 1455, 1464 n.7 (3d Cir. 1989); *CFTC v. Preferred Capital Inv. Co.*, 664 F.2d 1316, 1319 n.4 (5th Cir. 1982); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3924 (2d ed. 1996). (*National Railroad Passenger Corporation v. ExpressTrak, L.L.C.*, 330 F.3d 523 (D.C.Cir. 06/06/2003).)

Under 28 U.S.C. § 1292(a)(1), circuit courts have jurisdiction to review "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or

dissolving injunctions." Regardless of how the district court may choose to characterize its order, **section 1292(a)(1) applies to any order that has "the practical effect of granting or denying an injunction**," so long as it also "might have a serious, perhaps irreparable, consequence, and . . . can be effectually challenged only by immediate appeal." *I.A.M. Nat'l Pension Fund Benefit Plan A v. Cooper Indus., Inc.*, 789 F.2d 21, 23-24 (D.C. Cir. 1986) (internal quotation marks omitted). [**emphasis added**.]

**29.**    In this matter, TWT issued an order that had immediate and irreparable impact on Windsor.  The statute of limitations is running on claims that Windsor needs to file, and TWT is blocking Windsor from filing anything and taking action to protect his rights.  When the statute of limitations expires, Windsor will be irreparably harmed as he will have no recourse.

> (See *Trout*, 891 F.2d at 335; *Rosenfeld*, 859 F.2d at 721-22; *Palmer v. City of Chicago*, 806 F.2d 1316, 1318 (7th Cir. 1986); *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 204 (1848).

30.    In the words of Defendant Judge Duffey:

("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). (*Bryant v. Jones*, No. 1:04-cv-2462-WSD (N.D.Ga. 01/10/2007).)

31.    Windsor has many orders from the Eleventh Circuit that provide that this civil action is stayed and hundreds from federal courts everywhere.  See *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) and hundreds of others.

14

## JUDGE THRASH FAILED TO RESPOND TO MOTIONS FOR RECUSAL, AND HE IS DISQUALIFIED AND MAY NOT CONSIDER THE MTD

32.     TWT's failure to acknowledge and respond to Windsor's Motion for Recusal disqualified TWT. **(See *Liteky v. U.S.*,** 114 S.Ct. 1147 (1994).)

33.     TWT's failure to acknowledge the appeal and automatic stay is an act contrary to law and all of TWT's orders in this Civil Action were issued without lawful authority and were **void ab initio**. The disqualification motions against TWT become self-executing. (Exhibit #6 to the August 12 Filing is a true and correct copy of the Motion for Recusal.)

34.     The Supreme Court stated the law on jurisdiction quite clearly:

"Even before 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *See, e.g., **United States v. Hitchmon**,* <u>587 F.2d 1357</u> (CA5 1979)." *(**Griggs v. Provident Consumer Discount** 459 U. S. 56 (1982).)*

See also ***Marrese v. American Academy of Orthopedic Surgeons***, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331 (1985), reh'g denied, 471 U.S. 1062, 105 S.Ct. 2127 (1985).

## THERE IS NO DOUBT THAT THE VC INCLUDES ENOUGH FACT TO RAISE A REASONABLE EXPECTATION THAT DISCOVERY WILL REVEAL EVIDENCE TO SUPPORT THE CLAIM,

## SO THE MOTION TO DISMISS MUST BE DENIED

35.     It is long settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

> To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957). (*Randall v. Scott*, 610 F.3d 701 (11th Cir. 06/30/2010).)

## THE DOCTRINES OF PROSECUTORIAL AND OFFICIAL IMMUNITY DO NOT APPLY IN THIS MATTER.

36.     It has long been held that prosecuting attorneys may have immunity from suit in certain cases.  But, Windsor's VC indicates that Defendant Howard was not acting within the scope of his employment. (See VC, p.3¶7; p.21¶67.)

37.     The acts that Windsor accuses Mr. Howard of include RICO and obstruction of justice.  (See VC, p. 45 ¶148.)  Mr. Howard has no right as a prosecutor to commit criminal acts, and he has no immunity for criminal acts.  Mr. Howard's participation in the RICO activities was obviously wrong and violates the law.

38.     Mr. Howard cites *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271,

1282 (11th Cir. 2002) in an attempt to claim immunity for RICO charges, but *Rowe*

says nothing about RICO.   *Rowe* was a 42 U.S.C. § 1983 case.

39.     Mr. Howard cites *Imbler v. Pachtman*, but it held only "that in

initiating a prosecution and in presenting the State's case, the prosecutor is immune

from a civil suit for damages...." (*Imbler v. Pachtman*, 424 U.S. 409, p. 431 (96 S.

Ct. 984, 47 L. Ed. 2d 128).)   Windsor's claims have absolutely nothing to do with

initiating a prosecution and presenting the State's case.

> Qualified immunity shields government officials who perform discretionary
> governmental functions from civil liability so long as their conduct does not
> violate any "clearly established statutory or constitutional rights of which a
> reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800,
> 818, 102 S. Ct.. 2727, 2738 (1982); *Lassiter v. Ala. A&M Univ.*, 28 F.3d
> 1146, 1149 (11th Cir. 1994) (en banc). Under this rule, a government agent
> is entitled to immunity unless his act is "so obviously wrong, in the light of
> pre-existing law, that only a plainly incompetent officer or one who was
> knowingly violating the law would have done such a thing." *Lassiter*, 28
> F.3d at 1149. *Marsh v. Butler County*, 268 F.3d 1014, 1032 n.10 (11th Cir.
> 2001) (en banc). "For qualified immunity to be surrendered, pre-existing law
> must dictate, that is, truly compel (not just suggest or allow or raise a
> question about), the conclusion for every like-situated, reasonable
> government agent that what defendant is doing violates federal law in the
> circumstances." *Lassiter*, 28 F.3d at 1150.

40.     Mr. Howard's actions are so obviously wrong that he does not have

immunity.   Mr. Howard's RICO activities lie outside his role as advocate.

"...there simply is no reason to construct a canopy to cover a prosecutor's activities which lie outside his role as advocate." *Marrero v. City of Hialeah*, 625 F.2d 499, 510 (5th Cir. 1980).

41.    The other cases cited by Mr. Howard are not relevant to this Action.

## WINDSOR HAS PROPERLY STATED A CLAIM, AND FRCP 12(b)(6) DOES NOT APPLY.

42.    Windsor clearly and concisely stated his claim.

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted." (*Harrington v. State Farm Fire & Casualty Co.*, 563 F.3d 141 (5th Cir. 03/20/2009); *FEDERAL TRADE COMMISSION v. CITIGROUP INC.*, 239 F.Supp.2d 1302 (N.D.Ga. 12/27/2001); *Gary C. Walker v. Pelican Publishing Company, Inc. et al*, No. CIVIL ACTION NO: 10-4389 (E.D.La. 07/21/2011); *Coach, Inc., et al v. Shanghai Boutique, et al*, No. H-10-4693 (S.D.Tex. 04/07/2011).)

43.    Mr. Howard claims Windsor's complaint "offers only bald legal conclusions without any factual support...." WRONG. See VC ¶¶ 7- 9 and 77-141. But Windsor properly pled all of the elements necessary to state a cause of action for RICO and supported those elements with the necessary facts required by law.

44.    Mr. Howard claims the "complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy" and cites *Dalrymple v. Reno*, but false and that case does not apply. *Dalrymple* is not a RICO action.  The standards are different for RICO.  Mr. Howard's motion continually calls this action a "conspiracy" action, but there is no

18

conspiracy allegation or cause of action.  (See VC, PP.44-59.)  **The word**

**"conspiracy" is not used in the Causes of Action or Prayer for Relief**.  The

word "conspiracy" is used only once in the 61-page Verified Complaint in regard

to judicial immunity: "The actions of Defendants in engaging in the conspiracy are

not part of functions legally performed by a judge or judicial employees, and thus

are non-judicial."

> "**Conspiracy is not an essential element of a RICO claim** brought under
> parts (a) or (b) of OCGA § 16-14-4, and may not be an essential element of
> part (c), depending upon the allegations. The Pattersons did not allege
> conspiracy." (***Patterson v. Proctor***, 237 Ga.App. 244, 514 S.E.2d 37
> (Ga.App. 02/22/1999).) [**emphasis added**.]

45.    Mr. Howard also cites ***Cooks v. Cox*** and ***Fullman v. Graddick***, as to

conspiracy. Once again, these are not RICO, not applicable, and not relevant.

***Fullman*** was a 42 U.S.C. § 1983 action in which the court actually said "**In civil**

**rights and conspiracy actions**, courts have recognized that more than mere

conclusory notice pleading is required." Everything that Mr. Howard has addressed

in regard to "conspiracy" must be disregarded as it is not relevant to this Action.

46.    Mr. Howard's Attorney falsely claims "the only allegation against

District Attorney Howard is that he 'has aided the racketeering enterprise'

presumably by failing to bring criminal charges against the federal judges as

requested by Plaintiff."  But Mr. Howard was included in the definition of

"Defendants," and there are many allegations against the Defendants. (See VC.)

47.    Mr. Howard did not cite any case law in regard to RICO actions,

Constitutional violations, or breach of legal duties.  FRCP 12(b)(6) cannot apply.

The case law on RICO is very clear that Windsor properly stated his claim.

48.    O.C.G.A. 16-14-3 provides:

(6) "Enterprise" means any person, sole proprietorship, partnership,
corporation, business trust, union chartered under the laws of this state, or
other legal entity; or any unchartered union, association, or group of
individuals associated in fact although not a legal entity; and it includes
illicit as well as licit enterprises and governmental as well as other entities.

49.    The VC identified the "Enterprise." See VC P.50 ¶159, 160, 162, 163.

(See *Chancey v. State. Jordan v. State. Cagle*, 349 S.E.2d 717, 256 Ga. 415
(1/13/86).)  (See also *United States v. Elliott*, 571 F.2d 880 (5th Cir. 1978).)

50.    O.C.G.A. 16-14-3 also provides:

(8) "Pattern of racketeering activity" means engaging in at least two acts of
racketeering activity in furtherance of one or more incidents, schemes, or
transactions that have the same or similar intents, results, accomplices,
victims, or methods of commission or otherwise are interrelated by
distinguishing characteristics and are not isolated incidents, provided at least
one of such acts occurred after July 1, 1980, and that the last of such acts
occurred within four years, excluding any periods of imprisonment, after the
commission of a prior act of racketeering activity.

51.     The VC says: "pattern of racketeering activity" as required under the RICO statute. ***Emrich v. Winsor***, 401 S.E.2d 76, 76 (Ga. Ct. App. 1991). (See VC P.45 ¶144, 148, 149; P.48 ¶150.)

52.     The VC says: "activity engaged in by Defendants consists of two or more predicate acts of racketeering activity…." (See VC, P.45 ¶146.)

53.     The VC says: "Defendants knowingly devised or participated in a scheme to defraud Windsor." (VC, P.45 ¶145.)

54.     The VC says: "The activity engaged in by Defendants had the same or similar purposes, results, participants, victims, or methods of commission, or is otherwise interrelated by distinguishing characteristics and are not isolated events." (VC, P.45 ¶147, 150.)

55.     The VC says: "The acts of racketeering activity committed by Defendants have the same or similar methods of commission in that they involve the various aspects of committing fraud in legal matters, including obstruction of justice, perjury, false statements in orders, improper claims of law and case law, and more." (VC, P.48 ¶151.)

56.     The VC says: "The acts of racketeering activity committed by Defendants have the same or similar objective: commit fraud upon the courts and upon Windsor and his wife." (VC, P.48 ¶152.)

21

57.    The VC makes it clear that the last of such acts occurred within the

last four years. (VC, ¶¶89, 108, 110, 112, 113, 121, 122, 123, 124, 134, 140, 157.)

In fact, such acts are still occurring.

58.    O.C.G.A. 16-14-3 also provides:

(9)(A) "Racketeering activity" means to commit, to attempt to commit, or to solicit, coerce, or intimidate another person to commit any crime which is chargeable by indictment under the following laws of this state:
    (xiv) Code Section 16-10-93, relating to influencing witnesses;
    (xv) Article 4 of Chapter 10 of this title and Code Sections 16-10-20, 16-10-23, 16-10-91, and 16-10-95, relating to perjury and other falsifications;
    (xvi) Code Section 16-10-94, relating to tampering with evidence;
    (xxix) Any conduct defined as "racketeering activity" under 18 U.S.C. Section 1961 (1)(A), (B), (C), and (D);
    (xxxiii) Code Section 16-10-32, relating to tampering with witnesses, victims, or informants;
    (xxxiv) Code Section 16-10-97, relating to intimidation of grand or petit juror or court officer; or

(B) "Racketeering activity" shall also mean any act or threat involving murder, kidnapping, gambling, arson, robbery, theft, receipt of stolen property, bribery, extortion, obstruction of justice, dealing in narcotic or dangerous drugs, or dealing in securities which is chargeable under the laws of the United States or any of the several states and which is punishable by imprisonment for more than one year.

59.    VC ¶149 identifies many acts of obstruction of justice, subornation of

perjury, perjury, tampering with evidence, and more.  When Windsor amends his

VC, he will add tampering with witnesses and other predicate acts.  The threat of

murder is also a possibility.

60.    O.C.G.A. 16-14-4 provides:

(a) It is unlawful for any person, through a pattern of racketeering activity or
proceeds derived therefrom, to acquire or maintain, directly or indirectly,
any interest in or control of any enterprise, real property, or personal
property of any nature, including money.  (b) It is unlawful for any person
employed by or associated with any enterprise to conduct or participate in,
directly or indirectly, such enterprise through a pattern of racketeering
activity.  (c) It is unlawful for any person to conspire or endeavor to violate
any of the provisions of subsection (a) or (b) of this Code section.

61.    The VC identifies the violation of O.C.G.A. 16-14-4.  (See VC ¶¶159,

160, 161, 162, 163.)  (See *Markowitz v. Wieland*, 243 Ga. App. 151, 154 (2) (532

SE2d 705) (2000).)

62.    O.C.G.A. 16-14-8 provides:

Notwithstanding any other provision of law, a criminal or civil action or
proceeding under this chapter may be commenced up until five years after
the conduct in violation of a provision of this chapter terminates or the cause
of action accrues.

63.    The VC makes it clear that there is no issue with limitations. (VC,

¶¶89, 108, 110-113, 121-124, 134, 140, 157.)  In fact, such acts are still occurring.

64.    Windsor's injuries flowed from one of the predicate acts. (See, e.g.,

*Infocure*, 2005 U.S. Dist. LEXIS 46745, at *67.)

65.    The Georgia Supreme Court identified the elements of a civil RICO

proceeding for purposes of a motion to dismiss:

A complaint, therefore, which alleges that the plaintiff was injured as a
result of the defendant having committed at least two similar or interrelated

23

predicate offenses shall survive a motion to dismiss for failure to state a claim. (*Caldwell v. State*, 253 Ga. 400 (321 S.E.2d 704) (1984).)

66.     Windsor clearly identified that he was injured as the result of more than two predicate acts. (See, for example, VC ¶¶82, 89, 91, 140, 141, 165.)

(See *State Georgia et al. v. Shearson Lehman, Court of Appeals of Georgia*, 372 S.E.2d 276, 188 Ga. App. 120 (07/11/88).)

"The requisite predicate acts for a showing of a "pattern of racketeering activity" under OCGA § 16-14-3 (2) and § 16-14-3 (3) are also set forth in detail in the complaint. The complaint further alleges that these offenses were not committed as an occasional practice, but were a part of a systematic and ongoing pattern over a number of years concealed by a scheme of subterfuge and intimidation. The complaint also charges the defendants with criminally operating Aneewakee for pecuniary gain by fraud and misrepresentation, conversion of funds provided by the patients and the acquisition of real estate with the proceeds. ... This complaint alleges precisely the conduct prohibited by the Georgia statute and the trial court acted in accordance with legislative intent by denying appellant's motion for judgment on the pleadings or for summary judgment." (*Larson v. Smith et al.*, 391 S.E.2d 686, 194 Ga. App. 698b (03/05/90).)

67.     The VC says the predicate acts are related (VC ¶¶150-155), and involve a distinct threat of long-term racketeering activity (VC ¶156.) (See *Pelletier v. Zweifel*, 921 F.2d 1465, 1513 (11th Cir. 1991).)

68.     Windsor has stated a claim upon which relief may be granted.  After discovery, Windsor will have much more evidence.  Windsor has contacted former employees of the federal courts in Atlanta who will testify about the corruption.

The movant must establish that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant

of the relief sought. (See ***Scouten v. Amerisave Mortg.***, 283 Ga. 72, 73 (1) (656 SE2d 820) (2008); ***TechBios, Inc. v. Champagne***, No. A09A2270 (Ga.App. 12/11/2009); ***Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.***, 211 Ga. App. 34, 35 (438 S.E.2d 149)(1993).)

## DEFENDANT HOWARD HAS HINTED THAT FRCP 12(b)(1) IS GROUNDS FOR DISMISSAL, BUT NO ARGUMENTS ARE PRESENTED.

69.     The opening paragraph of the MTD and the Standard of Review mention FRCP 12(b)(1), but no arguments are presented, and Windsor is therefore unable to respond.

WHEREFORE, Windsor respectfully requests that this Court:

a. grant this Motion;
b. grant an extension of time to allow discovery to be conducted;
c. grant discovery;
d. schedule a hearing;
e. recognize that this Court has had no jurisdiction and declare all orders void;
f. order that Judge Thrash is disqualified;
g. remand this case to Fulton County Superior Court;
h. issue an order denying the MTD, or in the alternative, allow Windsor to amend the Verified Complaint; and
i. grant any other relief this Court deems just and proper.

Submitted, this 15th day of August 2011.

*[signature]*

**William M. Windsor**
**Pro Se**
PO Box 681236, Marietta, GA 30068
Phone: 770-578-1094 - Fax: 770-234-4106
Email: williamwindsor@bellsouth.net

## VERIFICATION OF WILLIAM M. WINDSOR

I, William M. Windsor, swear that I am authorized to make this verification and that the facts alleged in the foregoing are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief and citations of law, and that as to those matters I believe them to be true.  This Verification makes this RESPONSE a sworn affidavit.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

This 15th day of August 2011.

_____
**William M. Windsor**

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading

has been prepared in Times New Roman 14-point font, one of the font and point

selections approved by this Court in Local Rule 5.1B, N.D. Ga.

**William M. Windsor**
**Pro Se**

PO Box 681236
Marietta, GA 30068
Telephone: 770-578-1094
Facsimile: 770-234-4106
Email: williamwindsor@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing by depositing the same with

the United States Postal Service with sufficient postage and addressed as follows:

DARCY COTY
ASSISTANT U.S. ATTORNEY
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6043 -- Facsimile: (404) 581-4667

Lanna Renee Hill
Office of the Fulton County Attorney
141 Pryor St., Suite 4038, Atlanta, GA 30303
404-612-0246 - Fax: 404-730-6324
Email: lanna.hill@fultoncountyga.gov

I have also prepared a copy for each Defendant to be served with the

Summons and Complaint.

This 15th day of August 2011.

**William M. Windsor**
**Pro Se**

PO Box 681236, Marietta, GA 30068
Telephone: 770-578-1094
Facsimile: 770-234-4106
Email: williamwindsor@bellsouth.net