IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

    Plaintiff,

      v.

CHRISTOPHER HUBER, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2326-TWT

## ORDER

This is a pro se civil action against the Clerk of this Court, various judges of this Court and the Eleventh Circuit Court of Appeals, and others.  It is before the Court on the Defendant Paul Howard's Motion to Dismiss [Doc. 16].  For the reasons set forth below, the Court GRANTS the Defendant's motion.

## I.  Background

The Plaintiff, William Windsor, has sued judges in the Northern District of Georgia, the Eleventh Circuit Court of Appeals, and others, including Fulton County District Attorney Paul Howard [See Doc. 1].  The Plaintiff claims that the Defendants violated the Georgia RICO statute, O.C.G.A. § 16-4-1 *et seq.*  Windsor alleges that he "presented criminal charges against 11 federal judges in Fulton County to the Fulton County District Attorney, Mr. Howard, and [Howard] did nothing and has

T:\ORDERS\11\Windsor\11cv2326\mdtwt.wpd

aided the racketeering enterprise." (Compl. ¶ 95.) That is the only allegation specifically applicable to Howard.

On July 15, 2011, the Defendants removed the action to this Court. On July 28, 2011, the Plaintiff filed a Motion for Leave to Conduct Discovery [Doc. 13] and a Motion to Vacate the Notice of Removal [Doc. 15]. On August 29, 2011, the Court denied both motions [Doc. 33]. Howard has filed a Motion to Dismiss [Doc. 16]. The Defendant contends that he is entitled to official and prosecutorial immunity. See FED. R. CIV. P. 12(b)(6). Further, Howard argues that Windsor has failed to properly state a claim for conspiracy. See id.

## II.  Failure to State a Claim Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American

Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally,

notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v.

Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082

(1986).  Under notice pleading, the plaintiff need only give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus,

551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

## III.  Discussion

### A.     Prosecutorial/Official Immunity

Howard argues that he is entitled to prosecutorial immunity.  Under the Georgia

Constitution, "[d]istrict attorneys shall enjoy immunity from private suit for actions

arising from the performance of their duties."  GA. CONST. art. VI, § 8, para. 1(e).

"The rationale behind this immunity is that prosecutors, like judges, should be free to

make decisions properly within the purview of their official duties without being

influenced by the shadow of liability. Therefore, a district attorney is protected by the

same immunity in civil cases that is applicable to judges, provided that his acts are

within the scope of his jurisdiction. The determining factor appears to be whether the

act or omission is intimately associated with the judicial phase of the criminal

process." Mosier v. State Board of Pardons & Paroles, 213 Ga. App. 545, 546 (1994)

(quoting Robbins v. Lanier, 198 Ga. App. 592, 593 (1991)). "[T]here is no question

that a prosecutor's decision to file formal criminal charges against an individual is an act intimately associated with the judicial phase of the criminal process." <u>Robbins v. Lanier</u>, 198 Ga. App. 592 (1991).

Here, the Plaintiff alleges that Howard "did nothing" when "Windsor presented criminal charges against 11 federal judges." (Compl. ¶ 95.) The Defendant's decision not to pursue criminal charges, however, is intimately associated with the judicial phase of the criminal process. <u>See</u> <u>id.</u> (dismissing claims against prosecutor based on decision to file criminal charges). Indeed, deciding whether or not to pursue criminal charges is directly tied to Howard's duties as a district attorney. <u>See</u> GA. CONST. art. VI, § 8, para. 1(e). ("District attorneys shall enjoy immunity from private suit for actions arising from the performance of their duties.")

Windsor, however, argues that his "claims have absolutely nothing to do with initiating a prosecution and presenting the State's case." (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, at 17.) Rather, the Plaintiff claims that Howard violated RICO. To the extent that Windsor has abandoned his claim that Howard failed to prosecute judges, the Complaint does not include *any* facts supporting a RICO claim against Howard. Indeed, the bare allegation that Howard violated RICO does not provide the Defendant sufficient notice of the grounds upon which Windsor's claim rests. <u>See</u> <u>Erickson</u>, 551 U.S. at 93 (<u>citing</u> <u>Twombly</u>, 550 U.S. at 555); <u>Randall v.</u>

Scott, 610 F.3d 701, 709-710 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations."). For these reasons, the Defendant is entitled to prosecutorial immunity.

### B.    Failure to State a Claim

To the extent the Plaintiff alleges that Howard engaged in a conspiracy to violate RICO, the Complaint fails to state a claim upon which relief can be granted.[1] To establish a conspiracy, the Plaintiff must "(1) prove the parties had a 'meeting of the minds' or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy." Thomas v. Kemp, No. CV 310-019, 2010 WL 4867537, at *5 (S.D. Ga. Sept. 14, 2010). "[T]he linchpin for conspiracy is agreement, which presupposes communication." Id. (quoting Bailey v. Board of County Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992)). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).

---

[1]The Complaint alleges that Howard "aided the racketeering enterprise." (Compl. ¶ 95.)  In his Response, however, Windsor states that he is not bringing a conspiracy claim against Howard.  Nevertheless, the Court will address this claim.

Here, Windsor does not allege any facts concerning the nature of the conspiracy. He does not state when, where, or how the Defendants reached an agreement to violate RICO. See Kemp, 2010 WL 4867537, at *5 (dismissing conspiracy claim where "Plaintiff [did] not offer any specifics on when or how an agreement between any of the Defendants may have been reached to violate Plaintiff's rights."). Indeed, the only allegation relating to Howard is that he "did nothing" in response to Windsor's information. (Compl. ¶ 95.) As discussed above, Howard is entitled to prosecutorial immunity with respect to that claim. For these reasons, the Plaintiff's claims against Howard are dismissed.

C.   Discovery

In his response, Windsor argues that the Motion to Dismiss introduces matters outside the pleadings.[2] Thus, the Plaintiff contends, the Court should convert the Defendant's Motion to Dismiss into a motion for summary judgment and order discovery. The Defendant's motion, however, only addresses allegations in the Complaint. For that reason, no discovery is necessary.

IV. Conclusion

---

[2]Windsor also argues that the Court should remand this case to the Superior Court of Fulton County. The Court, however, denied Windsor's Motion to Vacate Notice of Removal on August 29, 2011 [Doc. 33].

For the reasons set forth above, the Defendant Paul Howard's Motion to Dismiss [Doc. 16] is GRANTED.  The request for leave to amend is denied on the grounds of futility.

SO ORDERED, this 21 day of September, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge