# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 12-10095-B
_____

WILLIAM M. WINDSOR,

                              Plaintiff-Appellant,

versus

THOMAS WOODROW THRASH,
CHRISTOPHER HUBER,
WILLIAM S. DUFFEY,
ORINDA D. EVANS,
JULIE E. CARNES, et al.,

                              Defendants-Appellees.

_____

No. 12-10098-B
_____

WILLIAM M. WINDSOR,

                                Plaintiff-Appellant,

versus

CHRISTOPHER HUBER,
SALLY QUILLIAN YATES,
WILLIAM S. DUFFEY,
THOMAS WOODROW THRASH,
ORINDA D. EVANS, et al.,

                                Defendants-Appellees.

_____

No. 12-10157-B
_____

WILLIAM M. WINDSOR,

                                                              Plaintiff-Appellant,

versus

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

                                                                Defendants-Appellees.

_____

Appeals from the United States District Court for the
Northern District of Georgia

_____

BEFORE:    TJOFLAT, CARNES, and MARTIN, Circuit Judges.

BY THE COURT:

      William M. Windsor, the Appellant in the above-captioned appeals,[1] has an extensive history of pursuing frivolous litigation that began as a persistent effort to "re-open and re-litigate a case which was closed with his consent,"[2] but that has devolved into a series of lawsuits against federal judges, court employees, and others connected in some way to his previous litigation. Before the district court issued the orders that gave rise to these appeals, Windsor was already subject to a filing injunction in district court "based on his litigious behavior that undermined the integrity of the judgments and orders in [the original] case…. [T]he volume of his filings pose[d] a

---

[1] For ease of reference, we refer to Appeal No. 12-10095 as Thrash, Appeal No. 12-10098 as Huber, and 12-10157 as Grutby.

[2] See April 14, 2010, order in Appeal Nos. 09-10699, 10-10698, 10-10700, and 10-10701, ("April 2010 Order"), page 4.

burden to clerical and judicial operations and [was] an impediment to the administration of justice."[3] Similarly, Windsor's many utterly meritless appeals and petitions, and his "history of filing multiple, frivolous motions" in those matters,[4] have strained scarce judicial resources in this Court, leading us to screen his cases for frivolity before allowing them to proceed and to impose various limitations and conditions on his filings in this Court.[5]

As a result of this Court's December 2011 Order, Windsor must, within thirty days of filing a new appeal or other proceeding in this Court, either obtain counsel or file and serve a statement ("Appeal Statement") setting out the following:

> (i) the date and district court docket number of each order that is the subject of the appeal or petition;
>
> (ii) for each such order, a concise summary, without argument, of each issue Windsor intends to raise;
>
> (iii) for each such order, a concise summary, without argument, of the basis of the Court's jurisdiction.
>
> (iv) a list of all pending appeals, petitions, and original proceedings in this Court and the current status of each; and
>
> (v) a list of all outstanding injunctions or orders, whether issued by this Court or by any other federal court, that limit or restrict Windsor's federal court filings.[6]

---

[3] See Maid of The Mist Corp. v. Alcatraz Media, LLC, 388 Fed.Appx. 940, 942, 2010 WL 2881491, 2 (11th Cir. 2010) (unpubl.) (affirming filing injunction).

[4] See December 17, 2010, order in Appeal Nos. 10-12731, 10-13034, and 10-13330 ("December 2010 Order").

[5] See April 2010 Order, pp. 4-5; December 2010 Order, pp. 3-4; December 21, 2011, order in Appeal Nos. 11-12176 et al., 11-14021, 11-14023, and 11-14124 et al. ("December 2011 Order"), pp. 5-10.

[6] See December 2011 Order, pp. 8-9. Each such statement may not exceed thirty pages in length and may not include any exhibits. Id., p. 9.

- 3 -

As we explained in the December 2011 Order, the Appeal Statements are intended to facilitate the Court's jurisdictional and frivolity reviews, and we informed Windsor that, for each newly-filed case, "…the Court will make its jurisdictional and frivolity determinations based on the issues and orders identified in the [Appeal] [S]tatement."  Id., p. 9.  We also directed the Clerk to dismiss for want of prosecution any newly-docketed appeal, petition, or other proceeding in which Windsor failed to either obtain counsel or file an Appeal Statement containing the required information.

Now before us are Windsor's Appeal Statements in Thrash, Huber, and Grutby, and we consider, as a threshold matter, whether they are in compliance with our December 2011 Order.

The Appeal Statements must include lists of Windsor's appeals, petitions, and original proceedings pending in this Court "and the current status of each."  See December 2011 Order, p. 8, item (iv).  Although the Thrash, Huber, and Grutby Appeal Statements list Windsor's appeals that were pending when he filed the Statements, Windsor did not provide "the current status of each" at the time the statements were filed.  The sheer number of cases Windsor has brought to this Court in recent years makes it burdensome for the Court to track their status for the purpose of promoting the most efficient use of scarce judicial resources.  Because Windsor has failed to provide information about the current status of his pending appeals, we conclude that Windsor's Appeal Statements are not in compliance with item (iv) of our December 2011 Order.

We also directed that Windsor's Appeal Statements should include "a list of all outstanding injunctions or orders, whether issued by this Court or by any other federal court, that limit or restrict Windsor's federal court filings."  See December 2011 Order, p. 8, item (v).  Windsor responds, "The 30-page limit of this filing does not permit an itemization of these orders.  There

- 4 -

are dozens."[7]   He goes on to list the case numbers – but not the orders – from his Northern District of Georgia cases, as well as the April 2010 Order, the December 2010 Order, and the December 2011 Order.   Because Windsor's Appeal Statements do not include a list of all outstanding federal court injunctions or orders limiting Windsor's filings, we conclude that Windsor's Appeal Statements are not in compliance with item (v) of our December 2011 Order.

Because Windsor's Appeal Statements do not include the information required by our December 2011 Order, we hereby conclude that these appeals are due to be DISMISSED based on Windsor's failure to adequately prosecute these appeals.   Accordingly, these appeals are hereby DISMISSED.

Pursuant to Fed.R.App.P. 2 and 11th Cir. R. 2-1, we hereby SUSPEND any applicable rule that would allow Windsor to seek reconsideration of this Order, and we DIRECT the Clerk to discard unfiled any motion or other papers Windsor submits in any of these appeals.

SO ORDERED.

---

[7] See Thrash Appeal Statement, paragraph 30; Huber Appeal Statement, paragraph 32; Grutby Appeal Statement, paragraph 59.   The thirty-page limit is more than adequate for Windsor to comply fully with the December 2011 Order.   He chose to devote a substantial proportion of available space to listing non-reviewable orders, making conclusory and unsupportable allegations, and arguing facially frivolous legal positions.

- 5 -

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 15, 2013

William M. Windsor
PO BOX 681236
MARIETTA, GA 30068

Appeal Number: 12-10095-B  ; 12-10098 -E  ; 12-10157 -B
Case Style: William Windsor v. Thomas Thrash, et al
District Court Docket No: 1:11-cv-02027-TWT

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Melanie Gaddis, B/rvg
Phone #: (404) 335-6187

Enclosure(s)

DIS-4 Multi-purpose dismissal letter